# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CASE NO.: 19-11099-HH
L.T. CASE NO.: 6:18-cv-01986-JA-TBS

PENNY CHRISTINE HITCHCOCK,

    *Appellant*,

vs.

USAA CASUALTY INSURANCE COMPANY and
FISHER RUSHMER, P.A.,

    *Appellees*.

_____/

## APPELLANT'S RESPONSE TO USAA'S
## MOTION TO DISMISS FOR LACK OF JURISDICTION

### CERTIFICATE OF INTERESTED PERSONS
### AND CORPORATE DISCLOSURE STATEMENT

Appellant, Penny Christine Hitchcock, pursuant to Federal Rule of Appellate Procedure 26 and Eleventh Circuit Rule 26.1, certifies that the following persons and entities have or may have an interest in the outcome of this case:

    1.    Antoon, II, U.S. District Judge John

    2.    Boyd & Jenerette, P.A.

    3.    Carey, Esq., Joseph

    4.    Collins, Esq., Andrew P.

    5.    Fisher Rushmer, P.A.

6. Franz, Esq., Kevin D.

7. Gooden, Esq., Kansas R.

8. Hill, Ward & Henderson, P.A.

9. Hitchcock, Penny Christine

10. King, Jr., Phillip Turner

11. Kubicki Draper, P.A.

12. Luikart, III, Esq., David J.

13. Mahaffey, Patricia

14. Marino, Jr., Esq., Stephen A.

15. McClain, Esq., Brian

16. Morgan & Morgan

17. Murphy, Esq., Logan J.

18. Preston, Esq., Brett J.

19. Shaw, Esq., Bonnie D.

20. Smith, U.S. Magistrate Judge Thomas B.

21. USAA Casualty Insurance Company

22. Van der Linde, Esq., Kristen M.

23. Ver Ploeg & Lumpkin, P.A.

24. Wiseman, Esq., Simon

**Corporate Disclosure Statement**

Upon information and belief, Defendant, USAA Casualty Insurance Company is a Texas corporation. It is not a publicly held. It is a wholly owned subsidiary of United States Automobile Association ("USAA"). USAA is a reciprocal interinsurance exchange domiciled in Texas that is an unincorporated association. USAA has no parent corporation and is not a publicly traded company.

Fisher Rushmer, P.A. has no parent corporation and no publicly held corporation owns 10% or more of its stock.

# APPELLANT'S RESPONSE TO USAA'S
# MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant, Penny Christine Hitchcock, opposes Appellee, USAA Casualty Insurance Company's Motion to Dismiss for Lack of Jurisdiction and requests that this Court stay this appeal and remand jurisdiction back to the District Court for the sole purpose of allowing Ms. Hitchcock to formally seek Rule 54(b) certification of the District Court's February 20, 2019 Order. The District Court already voluntarily stayed the proceedings below during this appeal.

1. This is an appeal by Penny Christine Hitchcock of an Order granting Fisher Rushmer, P.A.'s Motion to Dismiss and terminating Fisher Rushmer, P.A. as a defendant.

2. Ms. Hitchcock was involved in an automobile accident with Ms. Mahaffey, causing Ms. Mahaffey to sustain serious injuries. USAA, Ms. Hitchcock's insurer, was timely notified of the accident. Fisher Rushmer was hired by USAA to protect Ms. Hitchcock's interests and facilitate the settlement of Ms. Mahaffey's claim against Ms. Hitchcock.

3. Counsel for Ms. Mahaffey sent an offer letter to USAA agreeing to settle Ms. Mahaffey's claim against Ms. Hitchcock if USAA tendered the bodily injury and personal injury protection limits to Ms. Mahaffey's counsel by December 14, 2013. Ms. Mahaffey's counsel did not receive the settlement funds

by December 14, 2013 and eventually filed suit against Ms. Hitchcock. As a result of USAA and Fisher Rushmer's failure to protect her interests, a judgment was entered against Ms. Hitchcock in the amount $2,904,632.95.

4. The settlement agreement that was rejected by Ms. Mahaffey's counsel as untimely named only Ms. Hitchcock and Ms. Mahaffey. It did not name USAA as a party.

5. On October 22, 2018, Ms. Hitchcock filed her complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida against USAA Casualty Insurance Company ("USAA"), a Texas corporation, and Fisher Rushmer, P.A., a Florida professional association, seeking a declaration that USAA's duty to settle Ms. Mahaffey's claim within the policy limits was nondelegable and that USAA is responsible for Fisher Rushmer's failure to settle Ms. Mahaffey's claim.

6. On November 16, 2018, USAA filed a Notice of Removal [D.E. 1] to the United States District Court for the Middle District of Florida and Motion to Dismiss Count III of Plaintiff's Complaint [D.E. 3]. Count III did not state a cause of action against USAA, it alleged legal malpractice against Fisher Rushmer.

7. On November 27, 2018, Fisher Rushmer filed a Motion to Dismiss Count III of Ms. Hitchcock's Complaint [D.E. 8].

8. On November 29, 2018, Ms. Hitchcock filed a Motion to Remand based on lack of diversity [D.E. 12].

9. On December 3, 2018 the District Court stayed all briefing deadlines pending a ruling on the Motion to Remand [D.E. 14].

10. On February 20, 2019, the District Court issued its Order Denying Ms. Hitchcock's Motion to Remand and Granting Fisher Rushmer's Motion to Dismiss, terminating Fisher Rushmer as a Defendant from the action [D.E. 21].

11. In dismissing Fisher Rushmer as a defendant, the District Court made an explicit finding that Fisher Rushmer was hired *only* to represent USAA's interests in settling the claims against Ms. Hitchcock and that there was "no possibility that Hitchcock can establish a legal malpractice claim against Fisher Rushmer" because Ms. Hitchcock was at best an "incidental beneficiary" of Fisher Rushmer's legal services [D.E. 21].

12. Ms. Hitchcock took an immediate appeal of the February 20, 2019 Order for purposes of judicial economy and to seek a ruling from this Court on whether Fisher Rushmer is a properly named defendant in this action. If Ms. Hitchcock's claims against Fisher Rushmer were improperly dismissed, the District Court would be divested of jurisdiction and this action would need to be remanded back to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

13. Ms. Hitchcock also seeks an appeal of the District Court's finding that Ms. Hitchcock could not establish a legal malpractice claim against Fisher Rushmer because Fisher Rushmer was not in privity with Ms. Hitchcock nor was she an intended beneficiary of Fisher Rushmer's services. The District Court's order conflicts with Florida law including the recent Fourth District Court of Appeals decision that held an insurance company who hires defense counsel to represent its insured cannot state a claim for legal malpractice against the law firm because the law firm is in privity with the insured, not the insurance company. *Arch Ins. Co. v. Kubicki Draper, LLP*, 2019 WL 318449 (Fla. 4th DCA 2019).

14. The District Court thereafter stayed the case until this appeal is resolved [D.E. 30].

15. USAA moved to dismiss this appeal because the February 20, 2019 Order was not final and did not contain Federal Rule of Civil Procedure 54(b) language certifying it for immediate appeal.

16. Rather than dismiss the appeal and waste the Court's and the parties' resources by forcing Ms. Hitchcock to seek this appeal after termination of the litigation against USAA, Ms. Hitchcock respectfully requests that this Court stay this appeal and remand the action back to the District Court for the sole purpose of allowing Ms. Hitchcock to seek Rule 54(b) certification of the District Court's February 20, 2019 Order.

17. Federal Rule of Civil Procedure 54(b) provides:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment* adjudicating all the claims and all the parties' rights and liabilities. (emphasis added).

18. The District Court's February 20, 2019 Order did not expressly determine that there is no just reason for delay, however the order is not final and the District Court has not yet adjudicated all claims against all parties, as Ms. Hitchcock's claims against USAA remain pending.

19. Rule 54(b) expressly provides that the order may be revised at any time before entry of a judgment. Rule 54(b) certification also corrects a premature appeal. *Robinson v. Tanner*, 798 F.2d 1378, 1385 (11th Cir. 1986) ("A premature notice of appeal is valid if filed from an order dismissing a claim or party and followed by a subsequent final judgment without a new notice of appeal being filed."); *Perry v. Schumacher Group of La.*, 2:13-CV-36, 2015 WL 2157475, at *7 (M.D. Fla. May 7, 2015) ("Thus, the "cure rule" holds that, when a party files a notice of appeal *after* the contested order but *before* partial final judgment is entered, the party can move the court to enter final judgment on the order pursuant to Rule 54(b) and that certified judgment can render the premature notice valid." )

20. Ms. Hitchcock's claims against Fisher Rushmer arise out of the same facts and circumstances as her claims against USAA and it would promote judicial economy to permit Ms. Hitchcock to seek Rule 54(b) certification of the District Court's February 20, 2019 Order. Rule 54(b) certification will cure her premature appeal and allow this Court to exercise jurisdiction and determine whether Fisher Rushmer is a properly named defendant to this action.

WHEREFORE, Appellant, Penny Christine Hitchcock, respectfully request that this Court enter an Order denying Appellee, USAA Casualty Insurance Company's Motion to Dismiss for Lack of Jurisdiction, staying this appeal and remanding jurisdiction back to the District Court for the sole purpose of allowing Ms. Hitchcock to seek Rule 54(b) certification of the District Court's February 20, 2019 Order, and for any further relief this Court deems equitable, just and proper.

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(A). This motion contains 1,325 words.

Respectfully Submitted,

VER PLOEG & LUMPKIN, P.A.
100 S.E. Second Street, 30th FL
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**
Florida Bar No. 79170
smarino@vpl-law.com
smcgee@vpl-law.com
*Counsel for Penny Christine Hitchcock*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF or e-mail on April 25, 2019 on:

| | |
|---|---|
| Kansas R. Gooden, Esq. | Kevin D. Franz, Esq. |
| Kristen M. Van der Linde, Esq. | Boyd & Jenerette, P.A. |
| Boyd & Jenerette, P.A. | 1001 Yamato Road, Suite 102 |
| 201 N. Hogan Street, Suite 400 | Boca Raton, FL 33431 |
| Jacksonville, FL 32202 | kfranz@boydjen.com |
| kgooden@boydjen.com | *Co-Counsel for USAA Casualty Ins. Co.* |
| kvanderlinde@boydjen.com | |
| Hpeterson@boydjen.com | |
| *Co-Counsel for USAA Casualty Ins. Co.* | |

Brett J. Preston, Esq.
David L. Luikart, Esq.
J. Logan Murphy, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
Tampa, FL 33602
brett.preston@hwhlaw.com
dave.luikart@hwhlaw.com
logan.murphy@hwhlaw.com
michelle.armstrong@hwhlaw.com
*Counsel for Fisher Rushmer, P.A.*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**